IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY JAMAL WHITE, ) | |
| ID # 4194-19, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:19-CV-3017-M-BH |
| ) | |
| ELLIS COUNTY COMMISSIONERS ) | |
| COURT, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

## I. BACKGROUND

On December 20, 2019, Timothy Jamal White (Plaintiff) sued the Ellis County Commissioners Court, Waxahachie Police Department, Ellis County District Attorney's Office, Ellis County District Courts, and Ellis County Indigent Defense under 42 U.S.C. § 1983, alleging cruel and unusual punishment, and crimes against humanity against him and other African-Americans in Ellis County, Texas, who have been subjected to daily harassment. (*See* doc. 3 at 1, 3-4.)[2] After being notified that these entities are not subject to suit, he clarified that he intends to sue Ellis County, the Ellis County Jail Commissioner, the Ellis County Sheriff, a subcontractor who runs the jail, three lieutenants, a captain, and an officer, in their official capacities only. (*See* doc. 7 at 2, 7, 8; doc. 12 at 1, 3, 4-5, 7, 10-12.)

Plaintiff claims that illegal search and seizure tactics are being used, and people are being

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

brutalized into making false confessions in Ellis County with very little legal assistance for those who are poor or black. (*See* doc. 3 at 5.) According to him, the Ellis County Indigent Defense offers a non-existent legal defense, and the court-appointed attorneys are paid by and actually work for Ellis County. (*See id.*) He also claims that no one is permitted to access the law library, and this assures that the inmates remain ignorant of the law and agree to plead guilty. (*See id.*)

Plaintiff also alleges an official policy of excessive force, slow starvation, and brutalization of the inmates by the independent contractor who runs Ellis County's jail. (*See* doc. 7 at 8.) He claims that federal law specifically requires that inmates receive a 2,000 calorie diet per day, but Ellis County inmates receive only 800 calories per day, which amounts to cruel and unusual punishment. (*See id.*) He alleges that Ellis County prisoners are starved to "extort or exploit" them. (*See id.*)

Plaintiff seeks release from the "false charges" brought against him. (*See id.* at 11.) He also seeks an order directing a federal investigation into Ellis County's corrupt criminal justice system and $10 or $20 million in compensatory damages. (*See id.*; doc. 12 at 13.)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defen-

2

dant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. <u>Habeas Relief</u>

Plaintiff appears to seek release from custody through this § 1983 action. (*See* doc. 7 at 11.)[3] Release from imprisonment, or habeas relief, is an inappropriate remedy in a § 1983 action,

---

[3] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

3

however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on his request for release.

**B.     Investigation**

Plaintiff also seeks an investigation of Ellis County as part of his requested relief. "Citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials." *May v. Kennard Independent School Dist.*, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 26, 1996); *see also Langley v. Leblanc,* No. 15-4396, 2016 WL 626707, at *2 (E.D. La. Feb. 3, 2016) (finding that it did not have the authority to issue an order for a federal investigation, and that the plaintiff had no constitutional right to such an order); *Kates v. Micieli*, No. 2:09-1447, 2010 WL 55916, at *1 (W.D. La. Jan. 4, 2010) (declining to order federal agencies to conduct an investigation of the plaintiff's complaints because the authority to do so lies within the discretion of the executive, rather than the judicial branch) (citing in part *Heckler v. Chaney*, 470 U.S. 821, 832 (1985)). Nor is there a constitutional right to a criminal investigation or prosecution. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990); *see also Green v. Revel*, 413 F. App'x 698, 700-01 (5th Cir. 2011) (finding that the dismissal of a complaint that sought in part a criminal investigation counted as a strike because the plaintiff did not have a constitutional right to have a criminal investigation conducted or a person prosecuted) (citing *Oliver*); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (stating that "private citizens do not have a constitutional right to compel criminal prosecution"). Plaintiff likewise fails to state a cause of action upon which relief may be

4

granted on his request for an investigation.

**C.     Non-jural Entities**

A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir.1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. It is well-settled that the Ellis County Commissioner's Court, the Waxahachie Police Department, the Ellis County District Attorney's Office, the Ellis County District Courts, and the Ellis County Indigent Defense are not jural entities subject to suit. *See Moore v. Texas Court of Criminal Appeals*, A-12-CA-529 LY, 2013 WL 12097786, at *5 (W.D. Tex. Jan. 2, 2013) ("Courts have thus concluded County Commissioners Courts in Texas are without a separate jural existence and are not subject to suit.") (citing *Hicks v. Tarrant Cty Sheriff's Dept.*, 352 F. App'x 876, 878 (5th Cir. 2009) (district court did not err in dismissing claims against Commissioners Court where plaintiff failed to show court is separate legal entity subject to suit)), *rec. adopted*, 2013 WL 12098685 (W.D. Tex. May 20, 2013); *Steele v. Partington*, Nol 3:16-CV-360-K, 2017 WL 6453338, at *2 (N.D. Tex. Nov. 27, 2017) (Waxahachie Police Department is a non-jural entity and cannot be sued under § 1983), *rec. adopted*, 2017 WL 6406629 (N.D. Tex. Dec. 14, 2017) (citing *Darby*); *Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. Aug.10, 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity); *Story v. Ellis County Court 40th District*, No. 3:19-CV-1994-B-BN, 2019 WL 5580143, at *1-2 (N.D. Tex. Aug. 30, 2019) (finding that the Ellis County 40th District Court and the Ellis County District Attorney's

Office were not jural entities that can be sued) (citing *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *5 (N.D. Tex. June 3, 2002), *rec. adopted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019); *Halton v. Duplantis*, 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013) (finding that a public defender's office is not a jural entity that can be sued under 42 U.S.C. § 1983), *rec. adopted*, 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013) (citing *Darby*, 939 F.2d at 313–14). Any claims against them should be dismissed for failure to state a claim.

### D.    Official Capacity/Municipal Liability Claims

Plaintiff sues the Ellis County Jail Commissioner, the sheriff, a subcontractor, three lieutenants, a captain, and an officer in their official capacities.[4] (*See* doc. 12 at 1, 3-5, 7, 10-12.)

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's official capacity claims are therefore essentially claims against their government employer, Ellis County. *See id*; *Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at 165).

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under

---

[4] Because Plaintiff expressly states that he sues the defendants in their official capacities, it is not necessary to examine the course of proceedings to determine the capacity in which he sues them. *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities; the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

6

§ 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id*. (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

> "Official policy" is defined as:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff

7

must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" insufficient to plead municipal liability. *Spiller*, 130 F.3d at 167. It also found that an assertion that several policies "led to" unspecified "unconstitutional arrests and confinements," and that a departmental policy of "engag[ing] in conduct toward African American citizens without regard to probable cause to arrest" were too vague and conclusory to support alleged municipal liability under *Monell*. *Id.*

### 1.  Custom

Here, Plaintiff summarily claims that illegal search and seizure tactics are being used, and

8

people are being brutalized into making false confessions in Ellis County with very little legal assistance for those who are poor or black, and that no one is permitted to access the law library, and this assures that the inmates remain ignorant of the law and agree to plead guilty. (*See* doc. 3 at 5.) He also alleges that Ellis County's independent contractor has an "official policy" of excessive force, slow starvation, and brutalization of the inmates. (*See* doc. 7 at 8.)

Plaintiff's conclusory allegations are insufficient to plead a claim for municipal liability. *Spiller*, 130 F.3d at 167. He has not specifically identified a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. To the extent his complaint may be read to allege a custom, a plaintiff basing a municipal liability claim on an alleged "'custom' that has not been formally approved by an appropriate decision-maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of County Comm'rs*, 520 U.S. at 404. A plaintiff may prove the existence of a custom by alleging "a pattern of abuses that transcends the error made in a single case." *Piotrowski*, 237 F.3d at 582; *see also Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (explaining a plaintiff may prove the existence of a custom by showing a pattern of unconstitutional conduct by municipal employees).

The Fifth Circuit has explained that "[w]here prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Peterson*, 588 F.3d at 850 (quoting *Webster*, 735 F.2d at 842). "A pattern requires similarity and specificity." *Id.* at 851. It "also requires 'sufficiently numerous prior

9

incidents,' as opposed to isolated instances." *Id.* (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)); *see also Fuentes v. Nueces Cty.*, 689 F. App'x 775, 778 (5th Cir. 2017) (quoting *McConney*, 863 F.2d at 1184). "Although there is no rigid rule regarding numerosity, [the Fifth Circuit has found] that 27 prior incidents of excessive force over a three-year period . . . and 11 incidents offering 'unequivocal evidence' of unconstitutional searches over a three-year period . . . were not sufficiently numerous to constitute a pattern." *Fuentes*, 689 F. App'x at 778 (internal citations omitted). Plaintiff has not alleged any facts to meet this requirement.

### 2.  *Policymaker*

In *Groden v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016), the Fifth Circuit clarified that to state a claim upon which relief can be granted, "a plaintiff is *not* required to single out the specific policymaker in his complaint." *Id.* at 282 (emphasis added). To sufficiently state a claim upon which relief can be granted,

> [a plaintiff need] only to plead facts—facts which establish that [a] challenged policy was *promulgated or ratified by the city's policymaker*. [The plaintiff's] complaint did not need to supply an answer to the legal question of the specific identity of the city's policymaker under the relevant statutory scheme.

*Id.* at 285 (emphasis added).[5] That case involved a claim against the City of Dallas for a "crackdown policy" of arresting vendors without probable cause "in retaliation for annoying-but-protected speech" in Dealey Plaza. *Id.* at 286. Because the plaintiff alleged that the city's official spokesman publically announced the new policy of cracking down on vendors in Dealey Plaza and gave media interviews describing the new policy, the Fifth Circuit found that the plaintiff had sufficiently

---

[5] The identity of the policymaker official is a question of state law and not of fact. *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). "Sometimes, a court can make this determination by consulting state statutes. . . . [or] courts may need to consult 'local ordinances and regulations.'" *Groden*, 826 F.3d at 284 n.5 (citing *Bolton v. City of Dallas*, 541 F.3d 545, 550 (5th Cir. 2008) (per curiam) (consulting the Texas Government Code to determine the policymaker for Texas cities); *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (consulting the Texas Educational Code to determine the policymaker for Texas school districts); *Praprotnik*, 485 U.S. at 125).

pleaded promulgation or ratification by a policymaker even though he had not specifically identified one. *See id.* at 286; *see also Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 2017 WL 2189414, at *7 (N.D. Tex. May 18, 2017) (discussing the pleading requirement of a policymaker in light *Groden*).

Here, Plaintiff appears to identify the policymaker as the Ellis County Jail Commissioner. (doc. 7 at 8.) Unlike the plaintiff in *Groden*, he fails to plead any facts concerning any actions by any alleged policymaker to ratify or promulgate any policy. *See* 826 F.3d at 286. He instead relies only on the alleged conduct of the jail employees to establish municipal liability against Ellis County. As noted, however, municipal liability cannot be established in that manner. *See Groden*, 826 F.3d at 283 ("Municipalities are not liable for the unconstitutional actions of their employees under *respondeat superior*.") (citing *Monell*, 436 U.S. at 694). Plaintiff's conclusory statements are devoid of any facts that establish any involvement by Ellis County or its policymakers.

Because Plaintiff has alleged no facts that any policymaker promulgated or ratified an unconstitutional policy, or from which a reasonable inference can be made that it promulgated or ratified an unconstitutional policy, he fails to allege sufficient facts to state a § 1983 claim for municipal liability.[6]

### IV. RECOMMENDATION

Plaintiff's claims should be **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the

---

[6] Because Plaintiff has failed to allege the first two elements of municipal liability, it is unnecessary to reach the third element. *See Williams v. City of Irving, Texas*, No. 3:15-CV-1701-L-BH, 2017 WL 3822115, at *6 (N.D. Tex. July 14, 2017), *rec. adopted sub nom.*, 2017 WL 3726980 (N.D. Tex. Aug. 30, 2017).

meaning of 28 U.S.C. § 1915(g).[7]

**SO RECOMMENDED on this 19th day of May, 2021.**

                                                                      _____
                                                                       IRMA CARRILLO RAMIREZ
                                                                       UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                      _____
                                                                        IRMA CARRILLO RAMIREZ
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[7] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.